TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant United States Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: kevin.rapp@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-00422-PHX-DJH-5 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESTITUTION MEMORANDUM RE: DEFENDANT DAN HYER** |
| Daniel John Hyer, | |
| Defendant. | **Sentencing Hearing:** September 9, 2025, 11:00 a.m. |

**SUMMARY**

Regarding restitution, the United States recommends that Defendant Daniel John Hyer ("Hyer") be ordered to pay $50,000. This amount is fair considering the disparity in compensation received by Brunst and Spear (and Ferrer for that matter). Brunst and Spear were ordered to pay $3,465,837.17, jointly and severally. They made vastly more money than Hyer and were far more involved in the operation of Backpage.

I.   **Restitution and Remission**

This Court has ordered restitution, after a lengthy two-day hearing and substantial briefing, to be paid by Spear and Brunst in the amount of $3,465,837.17, jointly and severally. (Doc. 2356) In considering what is the appropriate restitution order for Hyer,

the Court has significant discretion when it comes to imposing restitution, but here, the statute supports treating Hyer differently from Spear, Brunst and Ferrer because of their different level of responsibility, their Backpage compensation, and their different economic circumstances.

The statute explains that, in ordering restitution, courts are supposed to consider two factors: (1) each defendant's "level of contribution to the victim's loss"; and (2) the "economic circumstances of each defendant." 18 U.S.C. § 3664(h). Here, Hyer is situated differently than Spear, Brunst and Ferrer in both respects. Given these differences, the Court has the authority to impose different restitution amounts for different defendants. *See United States v. Klein*, 476 F.3d 111, 114 (2d Cir. 2007) (remanding restitution order to district court because "district court's view that the Probation Department cannot administer varying restitution amounts that are joint and several is 'mistaken.'").

In addition, the level of criminal responsibility for Hyer in this case is far less than for Spear, Brunst and Ferrer. Spear and Brunst were owners of Backpage with full decision-making authority over the company. Ferrer was the CEO and then in 2015 the owner albeit in a sham sale. Hyer, in contrast, was an employee just slightly higher than Padilla and Vaught who were both acquitted by a jury.

Moreover, the economic circumstances that Hyer is in are very different from those of Spear and Brunst and to a lesser degree Ferrer. As owners of Backpage for nearly two decades, Spear and Brunst earned millions from Backpage. Ferrer, as owner and CEO made a salary of $1 million following his purchase of Backpage in 2015. Hyer earned a small fraction in comparison. Additionally, Hyer accepted responsibility, pled guilty and agreed to restitution, while Spear and Brunst aggressively fought forfeiture and obtained a settlement from the government, receiving millions of dollars in Backpage-related funds. ███████████████████████████████ Hyer his decidedly limited resources. Hyer's net worth is primarily composed of his residence and his pre-Backpage contributions to his retirement account and income he has made in the seven

years following his arrest and indictment in a legitimate classified sales position. Accordingly, the Government recommends that Hyer pay $50,000 of the approximate $3.5 million this Court ordered Brunst and Spear to pay.

Respectfully submitted this 4th day of September, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

K. C. Maxwell
*Counsel for Defendant*

 *s/Daniel Parke*
U.S. Attorney's Office